# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>      Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>      Respondent. | Case No.  1:15-cv-00340-EPG<br><br>ORDER RE WITHDRAWAL OF CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He previously consented to disposition of this case by a United States Magistrate Judge.  It appears that he may wish to withdraw his consent.

On April 16, 2015, Petitioner filed a form indicating his consent to jurisdiction of a United States Magistrate Judge.  (ECF No. 8).[1]  However, on May 1, 2015, Petitioner filed a form indicating his decline of jurisdiction of a United States Magistrate Judge and request for reassignment to United States District Judge.  (ECF No. 9).  He has not filed a motion to withdraw that consent.  Nor has he addressed the standards applicable to such a motion.  See Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993) ("Dixon did not file a motion for leave to withdraw his consent, nor did he provide any reasons for the withdrawal.").  Once a party has consented to magistrate judge jurisdiction in a civil case under 28 U.S.C. 636(c) that jurisdiction

---

[1] The Court notes that on June 15, 2015, Respondent consented to the jurisdiction of a United States Magistrate Judge.  (ECF No. 13).

1

may be withdrawn only "for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party." 28 U.S.C. 636(c)(4) (emphasis added); Dixon v. Ylst, 990 F.2d at 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").

The circumstances leading to the attempt by Petitioner to withdraw his consent to magistrate judge jurisdiction are as follows.  On March 5, 2015, the Court issued an Order re Consent or Request for Reassignment that directed Petitioner to check and sign either the consent to jurisdiction of a United States Magistrate Judge section or the decline of jurisdiction of a United States Magistrate Judge and request for reassignment to United States District Judge section and return it to the Clerk's Office within thirty (30) days.  (ECF No. 2-1).  Petitioner did not return a completed Order re Consent or Request for Reassignment to the Clerk's Office within thirty days.  On April 16, 2015, the Court issued a second Order re Consent or Request for Reassignment.  (ECF No. 7).  Later that same day, Petitioner filed his consent to jurisdiction of a United States Magistrate Judge on the Court's first Order re Consent or Request for Reassignment.  (ECF No. 8).  On May 1, 2015, Petitioner filed a decline of jurisdiction of a United States Magistrate Judge and request for reassignment to United States District Judge.

It is unclear to the Court whether Petitioner's decline of jurisdiction of a United States Magistrate Judge and request for reassignment to United States District Judge, filed on May 1, 2015, was an attempt to withdraw consent.  A filing attempting to withdraw consent to magistrate judge jurisdiction is not self-executing.  Dixon, 990 F.2d at 480 ("no absolute right . . . to withdraw consent to trial . . . .").  Nor does it satisfy the requirements of Dixon, 990 F.2d at 480.  Petitioner neither filed an appropriate motion clearly stating a request to withdraw his consent, and more importantly, he did not make any showing of extraordinary circumstances to justify withdrawal.  As it is unclear to the Court whether Petitioner intended to withdraw his consent to the jurisdiction of a United States Magistrate Judge, and Petitioner has not provided any reasons for the withdrawal of consent, the Court must enforce that requirement that Petitioner file an appropriate motion demonstrating extraordinary circumstances.

If Petitioner wants to seek leave to withdraw his consent he shall, as Dixon requires, file a

2

motion and demonstrate what extraordinary circumstances exist that justify the request.  <u>Dixon</u>, 990 F.2d at 479-80.  As briefing is complete in this matter and the matter is ready for disposition, if Petitioner does seek to withdraw his consent, Petitioner shall file a motion within thirty days of the date of service of this order.

    Accordingly, IT IS HEREBY ORDERED that if Petitioner seeks to withdraw his consent to the jurisdiction of a United States Magistrate Judge, Petitioner shall file a motion within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated: **December 4, 2015**   /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE