# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | Case No. 1:15-cv-00340-EPG-HC |
| Petitioner, | ORDER RE WITHDRAWAL OF CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| ANDRE MATEVOUSIAN, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He previously filed a consent to jurisdiction of a United States magistrate judge. (ECF No. 8). Petitioner now clarifies that he did not intend to consent to disposition of this case by a United States magistrate judge. (ECF No. 27).

The circumstances leading to the attempt by Petitioner to withdraw his consent to magistrate judge jurisdiction are as follows. On March 5, 2015, the Court issued an Order re Consent or Request for Reassignment that directed Petitioner to check and sign either the consent to jurisdiction of a United States magistrate judge section or the decline of jurisdiction of a United States magistrate judge and request for reassignment to United States district judge section and return it to the Clerk's Office within thirty (30) days. (ECF No. 2-1). Petitioner did not return a completed Order re Consent or Request for Reassignment to the Clerk's Office within thirty days. On April 16, 2015, the Court issued a second Order re Consent or Request for

Reassignment. (ECF No. 7). Later that same day, Petitioner filed his consent to jurisdiction of a United States magistrate judge on the Court's first Order re Consent or Request for Reassignment. (ECF No. 8). On May 1, 2015, Petitioner filed a decline of jurisdiction of a United States magistrate judge and request for reassignment to United States district judge. (ECF No. 9). On June 15, 2015, Respondent consented to the jurisdiction of a United States magistrate judge. (ECF No. 13).

On December 4, 2015, as it was unclear to the Court whether Petitioner wished to withdraw his consent to the jurisdiction of a United States magistrate judge, the Court ordered that Petitioner file the appropriate motion if he sought withdrawal of consent. (ECF No. 26). On December 18, 2015, Petitioner filed his response to the Court's order, stating that in "dealing with consent forms he always chose to have his matter decided by a United States District Judge. If he chose to have a United States Magistrate Judge proceed over his instant matter it was done in error." (ECF No. 27 at 2).

"The Federal Magistrate Act provides that '[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court.'" Roell v. Withrow, 538 U.S. 580, 585 (2003) (quoting 28 U.S.C. § 636(c)(1)). Once the parties have consented to magistrate judge jurisdiction in a civil case under § 636(c)(1), the reference to the magistrate judge can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.").

Here, Petitioner informs the Court that he did not intend to consent to jurisdiction of a United States magistrate judge and that any such consent "was done in error." Petitioner's contention is supported by the decline of jurisdiction of a United States magistrate judge and request for reassignment to United States district judge filed by Petitioner on May 1, 2015. The Court finds that Petitioner has not voluntarily consented to the exercise of jurisdiction by a

United States magistrate judge.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to the case.

IT IS SO ORDERED.

Dated:   **January 11, 2016**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE