# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>  Petitioner,<br><br>  v.<br><br>ANDRE MATEVOUSIAN,<br><br>  Respondent. | Case No. 1:15-cv-00340-AWI-EPG-HC<br><br>ORDER TO EXPAND RECORD<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner Wade Knight is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner challenges a prison disciplinary proceeding on due process and abuse of authority grounds.

## I.
## BACKGROUND

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California, serving a 235-month imprisonment term for conspiracy to interfere with interstate commerce by robbery. According to an incident report generated by BOP, on February 5, 2014, Officer J. Mendoza observed four inmates, including Petitioner, standing over the victim inmate and punching him with closed fists in the upper torso and facial area. (ECF No. 20-4 at 2; ECF No. 20-7 at 2).[1] Officers responded to the scene,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Officer Mendoza directed all inmates to "get down," and staff directed the inmates to "stop fighting." The inmates did not comply with the orders, and staff discharged oleoresin capsicum. Thereafter, the inmates were put in hand restraints. (Id.).

On February 5, 2014, Petitioner was charged with assaulting any person (with serious injury) in Incident Report No. 2545590. (ECF No. 20-4). After Lieutenant C. Scarbrough completed investigation of the charge, the incident report was forwarded to the Unit Discipline Committee ("UDC") for further action. (ECF No. 20 at 2 ¶ 10). On February 9, 2014, the UDC held a hearing and determined there was sufficient basis to refer the matter to the Discipline Hearing Officer ("DHO") for disposition. (Id. at 2 ¶ 11). Thereafter, BOP staff determined that the victim inmate suffered less serious injuries than initially thought and directed a rewrite of the incident report. (Id. at 3 ¶ 13).

Accordingly, on March 7, 2014, Petitioner was charged with assaulting any person (without serious injury) in the rewritten Incident Report No. 2545590. (ECF No. 20-7). After Lieutenant S. Helling completed reinvestigation of the charge, the rewritten incident report was forwarded to the UDC for further action. (ECF No. 20 at 3 ¶ 15). On April 25, 2014, the UDC held a hearing and determined there was sufficient basis to refer the matter to the DHO for disposition. (Id. at 3 ¶ 16).

On May 8, 2014, the DHO held a hearing. (ECF No. 20-10). According to the Discipline Hearing Officer Report ("DHO Report"), Petitioner pleaded not guilty and stated, "I was not fighting." (Id. at 2). Petitioner was assisted by staff representative R. Villapudua, and Inmates Grinnage and Ritchie appeared as witnesses. The DHO found that the act was committed as charged. (Id. at 3). Petitioner was assessed a sanction of 27 days of disallowed good conduct time, 30 days of disciplinary segregation, 180 days loss of phone privilege, and 180 days loss of email privilege. (Id. at 4).

After administratively appealing the decision, Petitioner filed the instant federal petition for writ of habeas corpus on March 4, 2015. (ECF No. 1). Respondent has filed an answer to the petition. (ECF No. 19).

///

## II.

## DISCUSSION

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent v. Hill, 472 U.S. 445, 454–55 (1984)). When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563–67.

In pertinent part, Petitioner contends that the DHO abused his authority by speaking with Inmates Grinnage and Ritchie, witnesses requested by Petitioner, only after the DHO already found Petitioner guilty and imposed sanctions. (ECF No. 1 at 17). Petitioner has submitted an affidavit by Inmate Grinnage in support of this claim. (Id. at 29). In the answer, Respondent argues that Petitioner's assertion is completely unsubstantiated by the record. (ECF No. 19 at 9). Box III(C) of the DHO Report provides that Inmates Grinnage and Ritchie were called as witnesses and appeared at the hearing. (ECF No. 20-10 at 2). Based on the foregoing, the Court finds that the question of whether the inmate witnesses appeared and testified at the disciplinary hearing or whether they spoke with the DHO after he had already found Petitioner guilty and imposed sanctions cannot be resolved on the record before the Court.

A court entertaining a federal habeas petition "may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), Rules Governing Section

///

///

2254 Cases.[2] The types of materials that may be submitted include, but are not limited to, "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," and affidavits. Rule 7(b). If the court directs expansion, then "the party against whom the additional materials are offered" must have an opportunity to admit or deny their correctness. Rule 7(c).[3]

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Within **THIRTY (30) days** of the date of service of this order, Respondent SHALL FILE a BRIEF and any ADDITIONAL MATERIALS to further develop the record with respect to Petitioner's claim that the DHO spoke with the inmate witnesses only after the DHO had already found Petitioner guilty and imposed sanctions.

2. Within **THIRTY (30) days** of the date of service of Respondent's Brief and Additional Materials, Petitioner SHALL FILE a BRIEF and any ADDITIONAL MATERIALS to further develop the record.

All briefs shall be filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:  **March 30, 2016**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Rules Governing Section 2254 Cases may be applied to § 2241 habeas petitions. See Rule 1(b), Rules Governing Section 2254 Cases.

[3] If the Court cannot resolve this factual inconsistency based on the materials provided, an evidentiary hearing may be required.