# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | Case No. 1:15-cv-00340-AWI-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ANDRE MATEVOUSIAN, | ORDER DENYING MOTIONS TO COMPEL |
| Respondent. | (ECF Nos. 23, 24, 39) |

Petitioner Wade Knight is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner challenges a prison disciplinary proceeding on due process and abuse of authority grounds. For the reasons discussed herein, the Court recommends denial of the petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California, serving a 235-month imprisonment term for conspiracy to interfere with interstate commerce by robbery. According to an incident report generated by BOP, on February 5, 2014, Officer J. Mendoza observed four inmates, including Petitioner, standing over the victim inmate and punching him with closed fists in the upper torso

and facial area. (ECF No. 20-4 at 2; ECF No. 20-7 at 2).[1] Officers responded to the scene, Officer Mendoza directed all inmates to "get down," and staff directed the inmates to "stop fighting." The inmates did not comply with the orders, and staff discharged oleoresin capsicum. Thereafter, the inmates were put in hand restraints. (Id.).

On February 5, 2014, Petitioner was charged with assaulting any person (with serious injury) in Incident Report No. 2545590. (ECF No. 20-4). After Lieutenant C. Scarbrough completed investigation of the charge, the incident report was forwarded to the Unit Discipline Committee ("UDC") for further action. (ECF No. 20 at 2 ¶ 10). On February 9, 2014, the UDC held a hearing and determined there was sufficient basis to refer the matter to the Discipline Hearing Officer ("DHO") for disposition. (Id. at 2 ¶ 11). Thereafter, BOP staff determined that the victim inmate suffered less serious injuries than initially thought and directed a rewrite of the incident report. (Id. at 3 ¶ 13).

Accordingly, on March 7, 2014, Petitioner was charged with assaulting any person (without serious injury) in the rewritten Incident Report No. 2545590. (ECF No. 20-7). After Lieutenant S. Helling completed reinvestigation of the charge, the rewritten incident report was forwarded to the UDC for further action. (ECF No. 20 at 3 ¶ 15). On April 25, 2014, the UDC held a hearing and determined there was sufficient basis to refer the matter to the DHO for disposition. (Id. at 3 ¶ 16).

On May 8, 2014, the DHO held a hearing. (ECF No. 20-10). According to the DHO Report, Petitioner pleaded not guilty and stated, "I was not fighting." (Id. at 2). At the hearing, Petitioner was assisted by staff representative R. Villapudua, and inmates Grinnage and Ritchie appeared as witnesses.[2] The DHO found that the act was committed as charged. (Id. at 3). Petitioner was assessed a sanction of 27 days of disallowed good conduct time, 30 days of disciplinary segregation, 180 days' loss of phone privilege, and 180 days' loss of email privilege. (Id. at 4).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] Petitioner asserts that the DHO spoke with Grinnage and Ritchie, witnesses requested by Petitioner, only after the DHO already found Petitioner guilty and imposed sanctions. (ECF No. 1 at 17). This claim is addressed in section II(A)(2)(a), *infra*.

1   After administratively appealing the decision, Petitioner filed the instant federal petition
2   for writ of habeas corpus on March 4, 2015. (ECF No. 1). Respondent has filed an answer to the
3   petition. (ECF No. 19). The parties have filed supplemental briefing per the Court's order. (ECF
4   Nos. 32, 42).

5   **II.**

6   **DISCUSSION**

7   Petitioner challenges the disciplinary proceeding arising from Incident Report No.
8   2545590. Petitioner contends that his due process rights were violated because he never received
9   notice regarding the delay in both the rewrite of the incident report and the UDC hearing on the
10  rewritten incident report. (ECF No. 1 at 15–16). Petitioner also argues that the DHO abused his
11  authority by failing to review all of the evidence before rendering a decision and by taking the
12  matter personally rather than professionally. (Id. at 17, 19).

13  **A. Review of Claims**

14  1. Delays in Disciplinary Process

15  Petitioner asserts his due process rights were violated because the rewrite of the incident
16  report was not timely issued and the subsequent UDC hearing on the rewritten incident report
17  was not timely held. Petitioner also contends he was entitled to receive notifications regarding
18  the reasons for the delays. (ECF No. 1 at 15–16).

19  The incident report was rewritten on March 7, 2014, twenty-six days after the initial UDC
20  hearing on February 9, 2014.[3] (ECF No. 20 at 2 ¶ 11, 3 ¶ 14). The subsequent UDC hearing on
21  the rewritten incident report was held on April 25, 2014, forty-nine days after the rewritten report
22  was issued. (Id. at 3 ¶ 16). BOP's inmate discipline program regulations state that an inmate
23  "will *ordinarily* receive the incident report within 24 hours of staff becoming aware of [the
24  inmate's] involvement in the incident" and that the "UDC will *ordinarily* review the incident
25  report within five work days after it is issued[.]" 28 C.F.R. §§ 541.5(a), 541.7(c) (2014)

26

27  ───────────
    [3] The Court notes that the impetus for the rewrite was BOP staff's determination that the victim inmate's injuries
28  were not as severe as initially thought. There is nothing in the record as to when this determination occurred, other
    than it occurred after the UDC hearing on February 9, 2014. (ECF No. 20 at 3 ¶ 13).

3

(emphasis added). The Ninth Circuit has recognized that the regulation's use of "ordinarily" renders the time frame not mandatory. Valdez v. Adler, 518 F. App'x 563, 564 (9th Cir. 2013) (analyzing regulations in effect in 2010). Further, the regulations do not require notification to an inmate if there are delays in the disciplinary process.

Moreover, neither the Supreme Court nor the Ninth Circuit has held that adherence to the timelines and procedures established in the inmate discipline program regulations is required to satisfy constitutional due process. Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Superintendent v. Hill, 472 U.S. 445, 454–55 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563–67. Here, Petitioner cannot demonstrate that his due process rights were violated because Wolff does not require issuance of an incident report within twenty-four hours or a hearing within five days. Nor does Wolff require notice to an inmate regarding any delays in the disciplinary process. Accordingly, Petitioner is not entitled to habeas relief on this claim.

2.   The DHO's Consideration of Evidence

a.   **Witnesses**

Petitioner asserts that the DHO abused his authority by speaking with Grinnage and Ritchie, inmate witnesses requested by Petitioner, only after the DHO already found Petitioner guilty and imposed sanctions. (ECF No. 1 at 17). In an affidavit submitted by Petitioner in support of this claim, Grinnage declares:

> [O]n or about May 8, 2014[,] I had spoken with the Discipline Hearing Officer in the matter of Inmate Wade Knight concerning Incident Number 2545590. The Discipline Hearing Officer had asked me if I was a witness on Inmate Wade Knight['s] behalf. After telling him I had heard he had already found Inmate Wade Knight guilty[,] I asked him what did he want[] to talk to me about. The Discipline Hearing Officer said he wanted my statement. I told him that Inmate Wade Knight was not f[]ighting.

(ECF No. 1 at 29). In the answer, Respondent argues that Petitioner's assertion is completely unsubstantiated by the record. (ECF No. 19 at 9). Box III(C) of the DHO Report provides that Grinnage and Ritchie were called as witnesses and appeared at the hearing. (ECF No. 20-10 at 2). In a supplemental declaration, the DHO specifically addresses Petitioner's contention and declares:

> I did not speak to either witness in Knight's presence. It is my practice to speak to inmate witnesses outside the presence of the accused to prevent both witnesses and the accused from manipulating the disciplinary process through coded body language, words and symbols. This practice also allows an inmate witness the ability to more freely speak about the accused's involvement in the incident without fear of reprisal.
>
> . . .
>
> I had not determined Knight's guilt prior to speaking to inmates Grinnage and Ritchie. As DHO, I have never sanctioned an inmate accused of a disciplinary rules violation before I have spoken to his requested witnesses.

(ECF No. 33 at 2 ¶¶ 4, 11).

An "inmate facing disciplinary proceedings should be allowed to call witnesses . . . in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. However, the Supreme Court recognized that "the unrestricted right to call witnesses from the prison population carries obvious potential for disruption" and cautioned that courts "should not be too ready to exercise oversight and put aside the judgment of prison administrators." Id. The Court is unaware of a Ninth Circuit case on this specific issue, but the Second Circuit has held that "[i]t is not a violation of due process at a disciplinary hearing to take the testimony of a witness outside the presence of an inmate." Kalwasinski v. Morse, 201 F.3d 103, 109 (2d Cir. 1999) (citing Francis v. Coughlin, 891 F.2d

43, 48 (2d Cir. 1989)). The Court finds that the expanded record is clear that the inmate witnesses testified at the hearing outside Petitioner's presence and before the DHO made a determination of Petitioner's guilt. (ECF No. 33 at 2). Grinnage's declaration that he gave his statement to the DHO after Grinnage told the DHO that he "heard" that Petitioner already had been found guilty is mere hearsay, and the record establishes that no official decision was rendered until after the inmate witnesses' testimony was taken. (ECF No. 20-10 at 2–4). Accordingly, Petitioner is not entitled to habeas relief on this claim.

### b. Sufficiency of the Evidence

Petitioner also argues that the facts of the case overwhelmingly show that Petitioner was not fighting as reported. (ECF No. 1 at 17). The Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Hill, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Id. at 455–56. Here, the written report of the incident provides that Officer Mendoza personally observed Petitioner striking the victim inmate with closed fists in the upper torso and facial area. (ECF No. 20-7 at 2). Therefore, the Court finds that there is "some evidence" to support the decision to disallow good conduct time. Accordingly, Petitioner is not entitled to habeas relief on this claim.

### 3. The DHO's Alleged Bias

Petitioner contends that the DHO "neglect[ed] to perform his legal obligation as a Disciplinary Hearing Officer and took the matter more personal th[a]n professional." (ECF No. 1 at 19). In support of this claim, Petitioner calls attention to the DHO's failure to state on the record that the reporting officer emailed Petitioner's staff representative to review the video footage of the incident and determine whether Petitioner was downstairs during the fight. (Id.). Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71. Contrary to Petitioner's contention, the email to Petitioner's staff representative was considered by the DHO, as stated in Box III(D) of the DHO Report. (ECF No. 20-10 at 3). The

record does not demonstrate that the DHO "present[ed] such a hazard of arbitrary decision making" <u>Wolff</u>, 418 U.S. at 571, or "dishonestly suppresse[d] evidence of innocence," <u>Edwards v. Balisok</u>, 520 U.S. 641, 647 (1997). Accordingly, Petitioner is not entitled to habeas relief on this claim.

**B. Motions to Compel**

Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases,[4] it is only granted at the Court's discretion, and upon a showing of good cause. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>McDaniel v. U.S. District Court (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules Governing Section 2254 Cases. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Bracy</u>, 520 U.S. at 908–09 (citing <u>Harris v. Nelson</u>, 394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the court's discretion. <u>See</u> Rule 6(a), Rules Governing Section 2254 Cases.

1. <u>Video Footage of February 5, 2014 Incident</u>

On October 26, 2015, Petitioner filed a motion to compel Respondent to provide Petitioner the opportunity to review video footage of the February 5, 2014 incident at issue in the instant petition. (ECF No. 23). Petitioner seeks the video footage "so that he can present a deposition as to what can be found on the footage and direct the court frame by frame as to his whereabouts in the footage." (<u>Id.</u> at 1–2). In the petition, Petitioner argues that the facts of the case overwhelming demonstrate that Petitioner was not fighting as reported. Petitioner contends that the Disciplinary Hearing Officer abused his authority by, among other things, relying on the incident report, which allegedly conflicts with other evidence. (ECF No. 1 at 17–19). Due process is satisfied "if some evidence supports the decision by the prison disciplinary board to revoke good time credits" and "does not require examination of the entire record, independent

---

[4] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1   assessment of the credibility of witnesses, or weighing of the evidence." <u>Hill</u>, 472 U.S. at 455.

2   As discussed in section II(A)(2)(b), *supra*, given this "minimally stringent" "some evidence"

3   standard, <u>Powell v. Gomez</u>, 33 F.3d 39, 40 (9th Cir. 1994), Petitioner has not presented

4   allegations demonstrating that he is entitled to relief. Therefore, Petitioner has not shown good

5   cause and is not entitled to discovery of video footage of the February 5, 2014 incident.

6                        2.   <u>Law Governing the Rewrite of Incident Report</u>

7           On December 2, 2015, Petitioner filed a document labeled as a motion to compel wherein

8   Petitioner seeks confirmation as to whether a rewrite of an incident report is governed by title 28

9   of the Code of Federal Regulations. (ECF No. 24). The Court cannot provide legal advice to

10  litigants, even when they are *pro se* litigants who lack legal training. In the petition, Petitioner

11  challenges the rewrite of the incident report as a violation of due process, and the Court

12  addressed this issue in section II(A)(1), *supra*.

13                       3.   <u>Depositions of Ritchie and Villapudua</u>

14          On July 5, 2016, Petitioner moved for a court order to depose inmate Ritchie and staff

15  representative Villapudua. (ECF No. 39). Petitioner contends that "Ritchie will provide extra

16  support" for the claim that Petitioner's requested inmate witnesses spoke with the DHO after he

17  had already found Petitioner guilty and imposed sanctions. (<u>Id.</u> at 1). Petitioner also argues that

18  Villapudua can provide insight on this claim because she was present at the DHO hearing. (<u>Id.</u> at

19  2).

20          "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when

21  discovery[i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." <u>Smith</u>

22  <u>v. Mahoney</u>, 611 F.3d 978, 997 (9th Cir. 2010) (alterations in original) (internal quotation marks

23  omitted) (quoting <u>Pham v. Terhune</u>, 400 F.3d 740, 743 (9th Cir. 2005)). Villapudua "ha[s] no

24  independent recollection" regarding whether the inmate witnesses appeared and testified at the

25  hearing. (ECF No. 32 at 4 n.1). Additionally, Petitioner has already supplied the Court with the

26  affidavit of inmate witness Grinnage, who declares that he spoke with the DHO about

27  Petitioner's incident after Grinnage "heard [the DHO] had already found Inmate Wade Knight

28  guilty." (ECF No. 1 at 29). Based on the foregoing, the Court finds that depositions of Ritchie

and Villapudua are not "essential" for Petitioner to "develop fully" his claim,[5] and thus, Petitioner is not entitled to such discovery.

## III.

## RECOMMENDATION AND ORDER

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED. Further, the Court DENIES the motions to compel (ECF Nos. 23, 24, 39).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2016**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that in ordering an expansion of the record on whether the inmate witnesses appeared and testified at the disciplinary hearing or whether they spoke with the DHO after he had already found Petitioner guilty, the Court was seeking further details from Respondent regarding the DHO hearing and its procedures. (ECF No. 29).